**KYOCERA WIRELESS CORPORATION,**
Appellant,

v.

**INTERNATIONAL TRADE COMMISSION,**
Appellee.

**In re Kyocera Wireless Corporation,**
Petitioner.

No. 2008–1301.
Misc. No. 872.

United States Court of Appeals,
Federal Circuit.

April 16, 2008.

Before NEWMAN, LOURIE, and BRYSON, Circuit Judges.

ON MOTION

BRYSON, Circuit Judge.

*ORDER*

Kyocera Wireless Corporation (1) petitions for a writ of mandamus compelling the International Trade Commission (ITC) to rule immediately on Kyocera's petition for review of Order No. 62, which denied Kyocera's motion for leave to intervene, (2) moves for a stay, pending appeal, of enforcement proceedings before the ITC, (3) moves for a stay, pending the mandamus petition, of enforcement proceedings before the ITC until two business days after the ITC disposes of Kyocera's petition for review, and (4) moves to expedite briefing and oral argument.

The ITC initiated an investigation and determined that certain baseband processor chipsets made by Qualcomm Incorporated violate Broadcom Corporation's patent. Qualcomm subsequently developed redesigned chipsets. In response to a complaint filed by Broadcom, the ITC instituted an enforcement proceeding concerning the redesigned chipsets. Kyocera and other companies who incorporate Qualcomm chipsets into their products moved for leave to intervene in the enforcement proceeding. The administrative law judge (ALJ) denied the motions. Kyocera petitioned the ITC for review of the ALJ's order and requested that the ITC stay proceedings pending review. Kyocera states that the ITC has not yet ruled on its petition for review. On April 15, 2008, Kyocera appealed the ALJ's order denying its motion for leave to intervene and filed a petition for a writ of mandamus directing the ITC to rule on its petition for review no later than April 17, 2008. Kyocera further requests that the court stay the ITC proceedings pending appeal and pending the mandamus petition.

Essentially, Kyocera's motions to stay request that the court enjoin the ITC from proceeding in the underlying case. The court is satisfied that Kyocera has not made a showing sufficient to justify that extraordinary relief. Furthermore, the court determines that Kyocera has not shown that mandamus relief is warranted.

Kyocera's motion to expedite is premised on the court granting the motion to stay the ITC's enforcement proceedings. Because the court denies that motion, expediting this appeal is not warranted.

Kyocera may, of course, self-expedite by filing its briefs prior to the due date.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) The motion for a stay, pending disposition of the mandamus petition, is denied.

(3) The motion for a stay, pending appeal, is denied.

(4) The motion to expedite is denied.